## FOSTER WEST v. THE STATE.

### No. 5510. Decided November 26, 1919.

**1.—Local Option—Motive of Witness—Evidence.**

Upon trial of a violation of the local option law, defendant should have been allowed to introduce evidence that the cousin and associate of the main State witness was under indictment for the sale of intoxicating liquors, and that the defendant was a witness against her and that said States witness desired to prevent his cousin's prosecution by the conviction of defendant. Following: Mason v. State, 7 Texas Crim. App., 623.

**2.—Same—Evidence—Cross-examination.**

Where the main State's witness claimed that he identified the fluid bought from the defendant as whisky from the medicine with which it had been mixed, the defendant should have been allowed to show on cross-examination the kind of medicine that was in the mixture.

**3.—Same—Continuance—Want of Diligence.**

Where the application for continuance showed a want of diligence it was correctly overruled.

**4.—Same—Motion for New Trial—Newly Discovered Evidence.**

While the evidence set out in the motion for a new trial tended to impeach the main State's witness, it also tended to show that he did not obtain the whisky from the defendant, it probably should have been sufficient to grant a new trial.

**5.—Same—Conduct of Judge—Verdict—Motion for New Trial.**

Defendant's motion for new trial showed that the jury were probably influenced by the action of the judge, in compromising and bringing in a verdict; although the judge had no intention to so influence them, and, reviewing the whole record, a new trial should have been granted.

Appeal from the District Court of Montgomery. Tried below before the Hon. D. F. Singleton, judge.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*McCall, Crawford & McCall*, for appellant.—On question of newly discovered evidence: Trimble v. State, 16 Texas Crim. App., 115; Allen v. State, 36 Texas Crim. Rep., 436.

On question of conduct of trial judge: Railway Co. v. Kjellberg, 185 S. W. Rep., 430; M. K. & T. Ry. Co. v. Barber, 209 S. W. Rep., 394.

On question of animus of witness: Edwards v. State, 75 Texas Crim. Rep., 647, 172 S. W. Rep., 227; Earle v. State, 64 Texas Crim. Rep., 537, 142 S. W. Rep., 1182; O'Neal v. State, 57 Texas

Crim. Rep., 249, 122 S. W. Rep., 386; Morris v. State, 211 S. W. Rep., 784.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The conviction is for the sale of liquors in violation of the local option prohibition law.

The evidence is quite conflicting, but in view of the direct testimony of the State witness Hubbard that he purchased a pint of whiskey from the appellant, we would not feel authorized to order a reversal because the evidence was insufficient to sustain the conviction. The witness claimed to have obtained the whisky from appellant while at a station on the railroad, and that appellant had in possession a grip from which he took the whiskey. The witness also said that he took the bottle of whiskey to his mother's room, and that she put medicine into it, and that after she put medicine—but not before—he tasted it and it had the taste of whiskey. The mother's testimony was not given on the trial.

The appellant sought to introduce evidence to show that Rachel Clark, a cousin and associate of the State witness Hubbard, was under indictment for the sale of intoxicating liquors, and that the appellant was a witness against her, he advancing the theory that the State's witness was giving false testimony against him and that he was animated by his friendship and relationship to Rachel Clark and his desire to prevent her prosecution by the conviction of appellant. The motives which influence a witness are never regarded immaterial, and great latitude is extended in admission of testimony. Mason v. State, 7 Texas Crim. App., 623; and other cases cited in Branch's Annotated Penal Code, p. 93, sec. 163, and we think the proffered evidence, in view of the record, should have been received.

In view of the fact that one of the means by which the State's witness identified the fluid, which he claimed to have bought from the appellant, as whiskey, was the fact that he had tasted it after medicine had been put in it, and that it then tasted like whiskey, it was permissible that he show on cross-examination the kind of medicine that was in the mixture.

A continuance was sought to obtain the testimony of a witness who was with the appellant at the time it was charged that the offense took place, and by whom he could negative possession of the whisky or the grip which the State witness described. We think the trial court's ruling in denying the application was justified for the reason that the diligence was insufficient.

In connection with the motion for a new trial, the appellant introduced affidavits of two witnesses, one of them to the effect that on the day that the offense was charged to have been committed he was in the village of Willis—where the sale was charged to have taken place—and saw the appellant and State's witness Hubbard; that Hubbard got into the car with the witness and went to the

home of the witness's brother and spent the night, and that Hubbard did not go to his mother's house as he claimed; and in the affidavit was set out circumstances tending to show that the witness Hubbard was not in possession of the pint of whisky which he claimed to have bought of the appellant and taken to his mother's house.    This evidence, while tending to impeach the witness Hubbard, also tended to show that he did not obtain the whisky from appellant.

It appears that the case was submitted to the jury on Friday afternoon; that they deliberated until midnight without reaching a verdict, nine of the jurors at that time favoring acquittal.    The jury occupied a room at the jail, and at about 7 o'clock (new time) the following morning while some of the jurors were still in bed, the trial judge went to the jail and inquired of the sheriff whether the jury had agreed to a verdict.    The sheriff made inquiry of them, and receiving a negative answer, the judge remarked that he would return to his boarding house, get his grip, pay his bill, and be at the courthouse at 8 o'clock.    The jury learned from the sheriff of the visit of the judge, and apparently got the impression that he wanted to leave for his home seventy-five miles distant on a train which would depart about 8 o'clock or shortly after; and that in consequence they would, unless they decided the matter at once, be detained until Monday following.    They did bring in a verdict before 8 o'clock, and the judge was able to catch the train mentioned.    It is patent that the judge had no intention to influence them or to inproperly communicate with them, and it is a matter of doubt whether his visit to the jail had a direct effect upon the action of the jury.    Appellant insists, however, that the circumstances indicate that the action of the judge in the matter detailed probably influenced the jury in compromising and bringing in a verdict immediately.

Considering the errors pointed out in the exclusion of testimony, and the whole record, we think the trial court was in error in refusing to grant the new trial.    It is therefore ordered that the judgment of the trial court be reversed and the cause remanded.

*Reversed and remanded.*